**e-filed 9/26/06

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LILLIAN M. ALBANOSKI, for herself and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO.  C06-02310 JF |

# [PROPOSED] FINAL ORDER

## APPROVING THE CLASS ACTION SETTLEMENT

**WHEREAS:**

The motion for final approval of the proposed class action settlement having been brought before the Court jointly by plaintiff Lillian M. Albanoski and American National Insurance Company ("ANICO"), through their duly-authorized counsel; and

The Parties having entered into a Settlement Agreement, with its attached exhibits (collectively the "Settlement Agreement"), dated April 25, 2006 to settle this class action (the "Action"); and

The Court having entered an Order dated May 26, 2006 (the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes under Fed. R. Civ. P. 23 (b)(2) and (b)(3), ordering individual and publication notice to potential Class Members, scheduled a Fairness Hearing for September 22, 2006 providing potential Class Members with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement and issuing related orders; and

The Court having held a Fairness Hearing on September 22, 2006 to determine whether to give final approval to the proposed settlement; and

ANICO having complied with the terms and conditions of the Class Action Fairness Act of 2005, 28 USC §1715 et seq; and

The Court having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all the foregoing, together with this Court's familiarity with the Action, and good cause having been shown, it is hereby:

**ORDERED, ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents**

This Order Approving Class Action Settlement incorporates and makes a part hereof:

   a.   The Settlement Agreement dated April 25, 2006, including all amendments and

exhibits thereto, and definitions included therein, filed with this Court; and

b. The Report of the Notice Administrator, previously filed with the Court, describing the Class Notice Package, its distribution to Class Members, the Publication Notice and compliance with the requirements of the Class Action Fairness Act of 2005.

**2. Jurisdiction**

Because due, adequate and the best practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this class action settlement, the Court has personal jurisdiction over all Class Members (as defined below). The Court has subject matter jurisdiction over the claims asserted in the complaint and/or this Action pursuant to 28 U.S.C. §§ 1331, 1332 and 1367 including, without limitation, jurisdiction to approve the proposed settlement and the Settlement Agreement and all exhibits attached thereto, grant final certification of the Class, and dismiss the Action on the merits and with prejudice. The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

**3. Final Class Certification**

The Class this Court previously certified preliminarily is hereby certified for settlement purposes under Fed. R. Civ. P. 23 (a), (b)(2), (b)(3) and (c)(2), the Court finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.

**4. Class Definition**

All persons who purchased one or more of a Class Policy on or before December 31, 1994; held the Class Policy on his/her first anniversary date after December 31, 1994; and received either or both the 1993 and 1995 Cost of Insurance rate increases which contained an expense component in addition to the mortality component. A Class Policy is any policy issued by ANICO prior to January 1, 1995 anywhere in the United States, including, but not limited to policies issued on one of the following ANICO policy forms: FPL83, PUL84, SUL84, AUL85, AUL86, FUL86, PFUL86, JUL86, PRUL86, RUL86, UALIII, PDL92, SDL93, CUL93, HUL93 and UAL93.

5. **Excluded Persons**

A list of those persons who have excluded themselves from the Class, and who therefore are not bound by the Final Judgment in this Action, is on file with the Court as the Notice Administrator's Report dated September 13, 2006, and is incorporated herein and made a part hereof.

6. **Adequacy of Representation**

The law firms of Finkelstein & Krinsk and Long & Levit, have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23 (a)(4).

7. **Class Notice**

The Court finds that the Class Notice Packages and their dissemination to the Class and all other notices, the publication of the Publication Notice and notice methodology implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order, as described in the report of the Notice Administrator:

    a.    Constituted the best practicable notice to Class Members under the circumstances of this Action;

    b.    Constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this action; (ii) the terms of the proposed settlement; (iii) their rights under the proposed settlement; (iv) their right to exclude themselves from the Class and the proposed settlement; (v) their right to object to any aspect of the proposed settlement; (vi) their right to appear at a Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

      c.      Constituted notice that was reasonable, due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

      d.      Constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Action of 2005, the Due Process Clause of the United States Constitution and/or any other applicable law, as well as complying with the Federal Judicial Center's illustrative class action notices.

**8.  Class Action Fairness Act**

The Court finds that ANICO has satisfied all the conditions required of it under the Class Action Fairness Act of 2005.

**9.  Final Settlement Approval**

The terms and provisions of the proposed settlement and Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, the Due Process Clause of the United States Constitution and/or any other applicable law. The settlement is approved and all objections to the settlement are overruled. The settlement and this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiff, ANICO and all Class Members, as well as their heirs, executors and administrators, predecessors, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters encompassed by the Release. The Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. ANICO shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement.

**10.   Early Implementation**

ANICO is hereby authorized in its sole discretion but in consultation with Class Counsel, and without requiring further approval of this Court, to implement the settlement before the Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date ANICO elects to implement the settlement.

**11.   Appeal After Early Implementation**

If ANICO chooses to exercise its discretion to implement the settlement before the Final Settlement Date, anyone seeking to appeal from this Court's rulings must first: (i) request a stay of implementation of the settlement; and (ii) post an appropriate bond. Absent satisfaction of each of these two requirements, ANICO is authorized to proceed with implementation of the settlement, even if such implementation would moot any such appeal.

**12.   Implementation**

Within 30 days after the Final Settlement Date, ANICO shall calculate and credit the accumulation account of each Current Policyholder and/or remit a cash payment to each Former Policyholder who timely submits a valid claim form, an amount equal to their proportionate share of the Settlement Fund as determined by the amount of each Class Members' respective cost of insurance (COI) charges for policy administration expenses (based on such factors as the Class Member's sex, attained age, amount of insurance purchased, the excess of the face amount of the insurance over the policy's accumulation account value, the number of years the policy was in force, smoking status and rating class) that the Class Member actually paid as a result of ANICO's 1993 and/or 1995 COI rate increase up to the full amount so paid.

**13.   Cy Pres Award**

To the extent Settlement Funds remain after the above distribution to eligible Class Members, they shall be distributed pursuant to this *cy pres* award: 50% to the African Wildlife

Foundation and 50% to the Camp Braveheart Endowment of YCS Foundation.

### 14. Binding Effect

The terms of the Settlement Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiff, ANICO and all Class Members, as well as their heirs, executors and administrators, predecessors, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release.

### 15. Release

The following Release, which is also set forth in Section X of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the Accompanying Final Judgment, and forever discharges the Releasees from any claims or liabilities arising from or related to the Action:

> All Class members shall be deemed to have released and discharged ANICO, its parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of its past, present and future officers, directors, employees, agents, representatives, attorneys, heirs, administrators, executors, predecessors, successors and assigns, (collectively, the "Releasees"), from any and all causes of action; claims; damages; equitable, legal, and administrative relief; interest; demands; or rights, whether presently known or unknown, whether based on facts in addition to or different from those which they now know or believe to be true, or whether based on federal, state, or local statute or ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be, or could be alleged or asserted by any Class member, either directly or indirectly, on their own behalf, on behalf of the Class, or on behalf of any other person, against the Releasees relating to, on the basis of, in connection with, or arising out of, in whole or in part, the subject matter of any of the claims alleged in the Complaint. All Class members expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including, without limitation, California Civil Code Section 1542, which otherwise provides that "A general release does not extend to claims which the creditor does not know or suspect exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor", or under any other law or principle of

common law of any State or territory of the United States, or of any foreign country, that is comparable or equivalent in substance or intent to California Civil Code Section 1542.

This Release shall be given the broadest possible interpretation and construction.

Except for the terms of the Release discussed herein, nothing in this Release shall be deemed to: (i) alter a Class Member's contractual rights (except to the extent that such rights are altered or affected by the award of benefits under the Agreement) to make a claim for benefits provided by the Class Policy that are payable now or will become payable in the future pursuant to the express written terms of the Class Policy; or (ii) release a Class Member's right to assert any claims that arise from acts, facts, or circumstances arising exclusively after the end of the Class Period.

Plaintiff and all Class Members expressly agree that this Release will be, and may be raised as a complete defense to and will preclude any action or proceeding encompassed by the release of the Releasees.

Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

### 16. Permanent Injunction

All Class Members and/or their representatives who have not been timely excluded from the Class are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as class members or otherwise, receiving any benefits from, any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts and circumstances relating thereto, in the Action. In addition all Class Members and all persons in active concert or participation with Class Members are permanently barred from organizing Class Members who have not been excluded from the Class into a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating to the claims, causes of action, facts and/or circumstance relating thereto, in the Action.

### 17. Enforcement of Settlement

Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action

to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiff or Class Members from participating in the Claim Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

**18.    Attorneys' Fees and Expenses**

Class Counsel are hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the amount of $ 850,000. to be paid by ANICO to Class Counsel in accordance with the provisions of the Settlement Agreement. This amount is fair and reasonable in consideration of the efforts of Class Counsel and the settlement they achieved for the Class. Such payment shall be in addition to and shall not reduce or otherwise affect any cash or other benefits provided to Plaintiff or Class Members under this settlement. Class Counsel, in their discretion, shall allocate and distribute this award of attorneys' fees and expenses among counsel for the Class.

**19.    Incentive Award**

The Court hereby awards $ 10,000. to be paid to Plaintiff Lillian M. Albanoski as an incentive award in her capacity as the representative plaintiff in this Action in accordance with the Settlement Agreement. This amount is a fair and reasonable compensation for her efforts in prosecuting the claims in the settlement.

**20.    No Other Payments**

The preceding two paragraphs of this Final Order cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Class Members, or incurred by Plaintiff or the Class Members, or any of them, in connection with or related in any way to this Action, the settlement of this Action, and/or the administration of such settlement, except to the extent otherwise specified in this Final Order and the Settlement Agreement.

**21.    Retention of Jurisdiction**

This Court has jurisdiction to enter this Final Order and the accompanying Final Judgment.

Without in any way affecting the finality of this Final Order and or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including without limitation:

    a.    Enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order and the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment);

    b.    Entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and the accompanying Final Judgment, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c.    Entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

**22.  No Admissions**

Neither this Final Order, the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against ANICO or Releasees of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to ANICO's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; provided, however, that this Final Order and the accompanying Final Judgment and the Settlement Agreement may be filed in any action against or by ANICO or Releasees to support a defense of *res judicata,* collateral estoppel, release, waiver, good-faith

1  settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion,
2  issue preclusion or similar defense or counterclaim.

3  **23.   Dismissal of Action**

4  This Action (including all individual and Class claims presented thereby) is hereby dismissed
5  on the merits and with prejudice, without fees or costs to any party except as otherwise provided in
6  this Final Order and the Final Judgment and the Settlement Agreement.

7  Dated: September 22, 2006

_____
The Honorable Jeremy Fogel
United States District Judge

11  e:/23130/Final Order